UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-25276-CV-GRAHAM/MCALILEY

CARMEN RIOCABO,

        Plaintiff,
v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Carmen Riocabo, filed an Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 18). Defendant, Commissioner of Social Security, does not oppose the Motion. (*Id.* at 1). For the reasons that follow, I recommend that the Court grant Plaintiff's Motion.

**I.   Background**

Plaintiff filed this lawsuit seeking review of the Commissioner's decision to deny her application for social security disability benefits. (ECF No. 1). The Commissioner filed an Answer, and soon after, an Unopposed Motion to Remand. (ECF Nos. 13, 16). The Honorable Donald L. Graham entered an Order that remanded the case to the Commissioner for further proceedings. (ECF No. 17). Plaintiff thereafter filed the Motion for Attorney Fees Pursuant to the EAJA. (ECF No. 18).

**II.     Analysis**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party. Moreover, the Commissioner does not assert that the government was substantially justified, or that special circumstances make an award of attorneys' fees unjust. Accordingly, I find that Plaintiff is entitled to recover her attorneys' fees under the EAJA, and I turn to the issue of the proper amount of that award.

Plaintiff asks to recover a total of $1,350.57 for 6.5 hours her attorney Heather Freeman devoted to this litigation, at an hourly rate of $207.78. (ECF No. 18-1). The EAJA states: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

Thus, the EAJA establishes a two-step analysis for determining the proper hourly rate. First, the Court must determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. Second, if the Court finds that the market rate is greater than $125.00 per hour, the Court must determine whether to adjust the hourly fee upward to take into account the increase in the cost of living or a special factor. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).

The Commissioner does not dispute that the $207.78 hourly rate that Plaintiff's counsel seeks is within the range of the prevailing market rates for the kind and quality of the services furnished. I find that the rate sought is within the range of market rates in similar actions. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (the Court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience ...."). Because the market rate exceeds the $125 per hour statutory rate set by the EAJA, the Court must consider whether to adjust the hourly fee upward to take into account the increase in the cost of living, or special factors.

Plaintiff does not contend that any special factors warrant an upward adjustment of the hourly fee. Instead, Plaintiff contends that the higher hourly rate of her attorney is permissible because of an increase in the cost of living. (ECF No. 18 at 2-3). The application of the cost-of-living adjustment is "next to automatic." *Meyer*, 958 F.2d at 1035 n.9 (11th Cir. 1992). The fee is adjusted based on the cost of living at the time when the services were performed. *United States v. Adkinson*, 256 F.Supp.2d 1297, 1312 (N.D. Fla. 2003). The parties agree that the application of a cost-of-living adjustment results in an hourly rate of $207.78, and that this is proper.

There is also no dispute regarding the reasonableness of the number of hours that Ms. Freeman devoted to this action. I have reviewed her time records, (ECF No. 18-1), and find that the 6.5 hours she spent on this matter are reasonable.

Accordingly, I recommend that the Court award Plaintiff attorneys' fees totaling **$1,350.57**.

### III.   Recommendation

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Motion for Attorney Fees Pursuant to the EAJA, (ECF No. 18), and award Plaintiff **$1,350.57**, payable to counsel for Plaintiff so long as the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States.[1]

### IV.   Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald L. Graham, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Miami, Florida this 18th day of October, 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff assigned any fees awarded under the EAJA to her attorney, Heather Freeman. (ECF No. 18 at 3). If Plaintiff has no outstanding federal debt subject to collection, the government will pay the fee award to Ms. Freeman. (*Id.*). If Plaintiff owes a debt to the government, the government will apply the fee award toward such debt, and if any funds remain after payment of that debt, those funds will be paid to Ms. Freeman. (*Id.*).